NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
F I L E D
AUG 1 0 2006
AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

CIVIL ACTION NO. 06-CV-145-GFVT

EDWARD POINTER　　　　　　　　　　　　　　　　　　　　　　　PETITIONER

VS:　　　**MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, Warden　　　　　　　　　　　　　　　　　RESPONDENT

Edward Pointer, who is currently confined in the United States Prison-Big Sandy in Inez, Kentucky ("USP-Big Sandy"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the filing fee. The petition is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## CLAIMS

The petitioner claims that his conviction and sentence for one count of using a firearm during the commission of a crime of violence, under 18 U.S.C. § 924(c), must be vacated because he is actually innocent of a crime, as it is defined under the statute.

## FACTUAL ALLEGATIONS

The following is an abbreviated summary or construction of the allegations contained in the petitioner's form petition and attached memorandum. Record No. 1. Court opinions have also been helpful for background material.

In 1993, a jury convicted the petitioner and a co-defendant on one count of bank robbery, *see* 18 U.S.C. §2113, and one count of using a firearm during the commission of a crime of violence, *see* 18 U.S.C. §924(c), in the United States District Court for the Eastern District of Wisconsin. Pointer was ultimately sentenced to 232 months' imprisonment for count one and a consecutive 60 months' imprisonment for count two, a total of 292 months.

Pointer and his co-defendant appealed on the sole ground that during *voir dire*, the district court's statements invited the jury to infer guilt from their failure to testify, but their convictions were affirmed. *United States v. Pointer*, 16 F.3d 1226 (7th Cir.), *cert. denied*, 512 U.S. 1242 (1994). Pointer also pursued a later motion to vacate, pursuant to 28 U.S.C. §2255, *pro se*, but it, too, was unsuccessful. *Pointer v. United States*, 960 F.Supp. 179 (E.D. Wis. 1997). *See also United States v. Howard*, 352 F.3d 332 (7th Cir.2003) (still later unsuccessful motion to modify his sentence based upon a retroactive sentencing guideline).

In his memorandum attached to the petition form, Pointer begins with a history of the Great Writ of Habeas Corpus, in pages 1-3; and he ends with the legislative history of §924(c) and amendments thereto over the years, in pages 4-13. In between, the petitioner argues that 18 United States Code Section 924(c) is not a distinct federal crime, but is wholly dependent upon the commission of a crime of violence or drug trafficking. At most, it is an ambiguous "sentencing enhancement . . . [which] must be resolved in favor of the petitioner. This petitioner is actually innocent of the 924(c) count. . . ." Therefore, he asks that the conviction and sentence be vacated.

## DISCUSSION

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction. *See DeSimone v. Lacy*,

2

805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Under certain circumstances, however, prisoners may invoke the "savings clause" at the end of the fifth paragraph of 28 U.S.C. §2255 to press challenges to their criminal convictions under Section 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255, ¶5. Consistent with this statute, a §2241 petitioner must demonstrate that his remedy under Section 2255 is inadequate or ineffective to test the merits of his sentencing court claim(s) before another court may consider them on the merits, under its Section 2241 jurisdiction.

Accordingly, to see if a §2241 petition may be considered on the merits, the federal district courts in the district where such petitioner is incarcerated must ask under what circumstances a petitioner's remedy under Section 2255 is considered "inadequate or ineffective." The Sixth Circuit addressed this question by negative example in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999). In *Charles*, the Sixth Circuit began by emphasizing that relief under Section 2241 is not a "catch all" remedy, but is extremely limited, and available only upon the petitioner's demonstration that his Section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756.

The *Charles* court made clear that a prisoner cannot satisfy the inadequate or ineffective requirement merely by demonstrating that he is time-barred from bringing a §2255 motion, or that he had already moved unsuccessfully for relief in a prior §2255 motion. *Id.* at 757. Further, habeas corpus relief is unavailable if a federal prisoner fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing

3

law.

Subsequently, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit addressed a question left unanswered in *Charles*: whether the savings clause may be properly invoked by a petitioner where his remedy under Section 2255 is procedurally unavailable (and hence ineffective to raise a new claim), *and* where he claims "actual innocence." The answer was yes. A viable claim of "actual innocence" arises where petitioner was convicted under a criminal statute, and thereafter the Supreme Court issues a decision that more narrowly interprets the terms of that statute. In such instances, there may arise a significant risk that petitioner was convicted of conduct that the law does not make illegal, and hence that the petitioner is "actually innocent" of the crime for which he was convicted.

By the express terms of the statute, 28 U.S.C. §2255 permits a petitioner to bring a second or successive §2255 motion only (1) based upon newly-discovered evidence that casts significant doubt on petitioner's guilt of the offense, or (2) based upon a Supreme Court decision on constitutional law made retroactive to subsequently-filed cases. Because a Supreme Court decision interpreting a criminal statute does not fall within either of these exceptions, a prisoner like the petitioner in *Martin* cannot bring a second or successive Section 2255 motion. Therefore, prisoners often try to use Section 2241 to bring their claims before the court in the district where they are in custody.

Such appears to be the case herein. According to the instant petitioner's allegations of fact, he has already filed the one §2255 motion to which all prisoners are entitled. Because he is not permitted a second §2255 motion under the standards discussed in the preceding paragraph and he is now in custody in the Eastern District of Kentucky, he has brought his claim about the trial court

4

to this Court, pursuant to §2241. As afore-stated, this Court may reach the merits of a challenge to a prisoner's conviction and/or sentence under its §2241 jurisdiction only when the prisoner makes showings [1] that his or her remedy under Section 2255 is inadequate or ineffective to challenge the legality of his conviction *and* [2] that he or she has a claim of actual innocence under an intervening Supreme Court case interpreting the criminal statute under which he/she was convicted. *Martin*, 319 F.3d at 804.

This Court must, therefore, evaluate Petitioner Partin's claims under the analytical framework described above to determine whether he may challenge his conviction and sentence in a habeas corpus petition under §2241, pursuant to the narrow authorization to do so in the savings clause of §2255. Having done so, however, the Court finds that Petitioner's allegations fail to pass either prong of the threshold test for such use of §2241. *Charles* has explicitly held that a time bar or earlier unsuccessful §2255 motion does not render the prisoner's remedy *via* §2255 inadequate or ineffective. And *Martin* showed the importance of the second component, *i.e.*, how an intervening Supreme Court case interpreting the statute under which the prisoner was convicted can make the prisoner's conduct not criminal.

Most importantly, the instant petitioner's claims are not claims of actual innocence of bank robbery or using a gun in the crime, as "actual innocence" is discussed in *Bousley v. United States*, 523 U.S. 614, 620 (1998) (factual, not legal innocence) and in *Martin*, 319 F.3d at 805 (The claim of actual innocence of criminal conduct must be based on a Supreme Court decision "[...involving] statutory interpretation," which was "decided after the defendant filed his first Section 2255 motion"). The instant petitioner's claim is not based on such a qualifying U.S. Supreme Court decision. *See In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004) (6th Cir. 2004) ("Although this court has

5

not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause").[1]

Because Petitioner Pointer has not met the two requirements for use of the savings clause of §2255, he cannot pursue the instant claims challenging the validity of his convictions in this Court under §2241. *Bousley*, 523 U.S. at 620. For the foregoing reasons, the Court must dismiss the instant §2241 petition for failure to state a claim upon which relief may be granted.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Edward Pointer's petition for writ of habeas corpus is **DENIED**. This action will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This 10th day of August, 2006



Signed By:
Gregory F. Van Tatenhove
United States District Judge

---

[1] *See also United States v. Ryan*, 227 F.3d 1058, 1062 (8th Cir. 2000) (*Bousley* teaches that when the Supreme Court narrows the interpretation of a criminal statute enacted by Congress, that interpretation may be applied retroactively to §2255 motions for post-conviction relief); and *United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir. 1996) ("a petitioner collaterally attacking his conviction should be given the benefit of case law decided after his conviction when the conviction was for an act that the law does not make criminal," citing *Davis v. United States*, 417 U.S. 333 (1974)).